# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: M.H.**

**No. 14-1071** (Putnam County 13-JA-45)

**FILED**

April 13, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Ryan Ruth, appeals the Circuit Court of Putnam County's August 27, 2014, order granting permanent legal guardianship of M.H. ("the child") to his maternal grandfather.[1] The Department of Health and Human Resources ("the DHHR"), by counsel, S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Gregory M. Courtright, filed a response on behalf of the child also supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for custody and in ordering him to submit to drug screening.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, the DHHR filed an abuse and neglect petition against the child's biological mother, and custodial parent, due to her arrest for drug-related offenses and for exposing the child to drugs and drug paraphernalia. The petition also alleged that the child's biological father, petitioner herein, failed to pay child support as previously directed by court order and that he "has minimal and sporadic contact with the child and does not provide for the child's physical or emotional needs."[2]

---

[1]We note that petitioner, in his brief to this Court, fails to cite to the record in his statement of the case and, with the exception of the standard of review, fails to cite to legal authority or the record in his argument, which consists of two sentences. We refer petitioner's counsel to Rule 10(c)(4) and (7) of the Rules of Appellate Procedure regarding "appropriate and specific references to the appendix" in the statement of the case and "an argument exhibiting clearly the points of fact and law presented . . . and citing the authorities relied on . . . must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."

[2]It is unclear from the limited record on appeal why the DHHR failed to pursue these allegations against petitioner and why petitioner and the DHHR state in their briefs to this Court that the petition contained no allegations against him. Perhaps, they were not substantiated and

(. . . continued)

1

The circuit court held a hearing in December of 2013 wherein, according to the parties, petitioner moved to be dismissed from these proceedings as a non-abusing parent.[3] The circuit court denied that motion. Petitioner did not appear again in these proceedings until June of 2014.

In June of 2014, the circuit court held a hearing to consider the DHHR's motion to revoke the biological mother's improvement period, and, at the conclusion of that hearing, it granted the motion and set the matter for disposition. At the same hearing, the circuit court also considered three of petitioner's motions—a motion to intervene, a motion for a home study of his home, and a motion for custody. Without objection, the circuit court granted petitioner's motion to intervene, noting that he was already a party to the proceedings, and his motion for a home study. However, prior to ruling on his custody motion, the circuit court ordered that petitioner immediately submit to a drug screen. Petitioner submitted to said drug screen without objection, and he tested positive for amphetamine, methamphetamine, benzodiazepines, oxazepam, temazepines, buprenorphine, norbuprenorpine, and opiates without valid prescriptions. The circuit court held petitioner's custody motion in abeyance, and transferred temporary placement of the child from his paternal grandmother to his maternal grandfather in South Carolina.[4]

In July of 2014, the circuit court held a dispositional hearing wherein the circuit court terminated the biological mother's custodial rights and considered permanent placement of the child. Petitioner admitted that he tested positive on his June 5, 2014, drug screen, and the circuit court again ordered petitioner to submit to a drug screen. However, petitioner could not produce a sample for that drug screen. Given its concerns over petitioner's apparent substance abuse issues, the circuit court ordered that the child temporarily remain in his current placement with his maternal grandfather. Petitioner was directed to submit to random drug screening until the circuit court held its permanent placement review.

In August of 2014, the circuit court held a permanent placement review. The DHHR reported that petitioner was ordered to appear for a drug screen in early August of 2014 only to arrive four hours late and become confrontational with the assigned probation officer. It further reported that petitioner's home was in suitable condition, but that he had not been truthful and forthcoming to DHHR as to his extensive criminal history, which included drug offenses, robbery, and gun crimes. Petitioner arrived late to this hearing, and, prior to its conclusion, he abruptly left the courtroom. In granting permanent legal guardianship of the child to the maternal grandfather in South Carolina, the circuit court found that it was not in the child's best interest to

---

could not be proven by clear and convincing evidence, despite being verified in the petition. In any event, the allegations against petitioner were not addressed at the adjudicatory hearing, and the circuit court did not adjudicate petitioner as an abusing parent. *See* West Virginia Code § 49-6-2(c) and Rule 17(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, "[t]he petition shall not be taken as confessed."

[3]The parties failed to include a transcript or order from this hearing in the record on appeal.

[4]The circuit court transferred custody due to the paternal grandmother's imminent sentencing hearing on an unrelated criminal matter in the Circuit Court of Kanawha County.

be placed with petitioner, who demonstrated substance abuse and anger issues and an unwillingness to correct the same. The circuit court also found that while petitioner had a bond with the child, he had never been the child's custodial parent. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first assigns error[5] to the circuit court's order directing him to submit to drug screens even though he was a non-abusing parent. Upon our review, we decline to address this issue because the record is clear that petitioner agreed to submit to the court-ordered drug screen. Petitioner cites to no portion of the record on appeal, and we find none, where he objected to the circuit court's ruling below or presented the circuit court with these arguments for consideration and decision. We have previously held that "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009) (quoting *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)). Because petitioner failed to raise this contention below for consideration and decision and failed to properly object on the record, the Court declines to address this issue.

Petitioner next assigns error to the circuit court's order denying his motion for custody of M.H. While petitioner asserts that he was a non-abusing parent, and, therefore, entitled to the physical and legal custody of the child, we have explained that

> "[a] parent has the natural right to the custody of his or her infant child and, unless the parent is an unfit person because of misconduct, neglect, immorality, abandonment or other dereliction of duty, or has waived such right, or

---

[5]Although petitioner represents the issue on appeal as one assignment of error, he clearly raises two distinct contentions therein: (1) whether the circuit court erred in directing him to submit to drug screens as a non-abusing parent, and (2) whether the circuit court erred in denying him custody as a non-abusing parent. We consider these arguments separately.

by agreement or otherwise has transferred, relinquished or surrendered such custody, the right of the parent to the custody of his or her infant child will be recognized and enforced by the courts." Syl. Pt. [sic] *Whiteman v. Robinson*, 145 W.Va. 685, 116 S.E.2d 691 (1960).

Syl. Pt. 1, *Honaker v. Burnside*, 182 W.Va. 448, 388 S.E.2d 322 (1989). Moreover, the guiding principle in all matters concerning child custody is the best interests of the child. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W .Va. 44, 743 S.E.2d 352 (2013); "[t]he best interests of the child[ren] is the polar star by which decisions must be made which affect children." *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) (internal citations omitted).

Upon our review of the record on appeal, the Court finds no error in the circuit court's order denying petitioner's motion for custody of the child. The evidence before the circuit court established that petitioner was an unfit parent due to his substance abuse and anger issues, his unwillingness to comply with the circuit court's direction, and the uncontested fact that he had never been the child's custodial parent. In addition, we note that, according to the guardian, M.H. is doing very well in his current placement. He is said to be excelling in school; learning to ride a bicycle; participating in cub scouts; enrolling in swimming classes; and planning to join little league. Based upon the evidence presented, the circuit court made specific findings as to petitioner's conduct and the child's wellbeing necessary to establish that petitioner was unfit and that the child's best interests were to remain in the permanent placement of his maternal grandfather. We find no error in this regard.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 13, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis